**JIANG ZHONG ZHOU,\* Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\*\* Respondent.**

**No. 04–5009–ag.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

\* The caption is hereby amended to reflect the spelling of petitioner's name used in his brief.

\*\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jiang Zhong Zhou, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The agency's determination that Zhou failed to show a well-founded fear of future persecution on account of a protected ground is substantially supported by the record. Punishment for the crime of illegal departure can constitute political persecution, if it is severe. *Sovich v. Esperdy,* 319 F.2d 21, 29 (2d Cir.1963). However, although "repugnant to our own concept of justice, a brief confinement for illegal departure or for political opposition

to a totalitarian regime" does not fall within the ambit of the statute. *Id.*

While Zhou claims that illegal departure from China carries a severe penalty, there is no evidence in the record, nor does Zhou cite to any such evidence, demonstrating that exit law violators are subject to extreme treatment. The United States Department of State indicates in a document entitled "Treatment of Returnees to Fujian Province, China" that most returnees were detained but released within three weeks of arrival, fined the equivalent of five hundred United States dollars, and subject to certain other procedural formalities. Additionally, while Zhou claims that China's punishment of those who depart illegally is on account of an imputed political opinion, *i.e.* opposition to the Communist party, there is no evidence of record, nor does Zhou cite to any such evidence, demonstrating that exit law violators are perceived by the Chinese government as political dissidents or treated as such. The BIA has held that prosecution for violation of exit laws is not enough to establish asylum eligibility, especially when there is no nexus to a protected ground. *Matter of Sibrun,* 18 I. & N. Dec. 354, 359, 1983 WL 183240 (BIA 1983). The agency's denial of asylum and withholding is thus substantially supported by the record as a whole.

Zhou argues that the BIA denied his due process rights by failing to set forth a detailed analysis of his CAT claim as required by *SEC v. Chenery Corp.* 332 U.S. 194, 196–97, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). This due process argument is without merit, however, as the BIA explicitly stated that Zhou failed to establish eligibility for CAT relief. That conclusion was based on a finding that there was insufficient evidence in the record to establish that Zhou would likely be tortured upon return to China. Contrary to Zhou's assertion, because the BIA and IJ express-

ly stated their reasoning, this Court is not "compelled to guess at the theory underlying the agency's action." *See Chenery,* 332 U.S. at 196–97, 67 S.Ct. 1575. Moreover, the agency's conclusion in this regard is supported by substantial evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).